The facts were these: Doctor Andrew Scott had made the bill in question, payable on 4 September, 1821, to the defendant, and the defendant had made a bill payable to Scott at the same time for the like sum, and Scott and the defendant respectively had indorsed these bills to the plaintiff. Scott had a family, and resided in the town of (466) Fayetteville and his shop was at some distance from his dwelling-house.
On 5 September, 1821, the plaintiff, by his agent applied to the defendant, who paid his own note, and was requested to pay Scott's, to which he replied that it was enough for him to pay his own, and that Scott would pay his when he returned from Chatham County, whither with his family he had gone on a visit. The agent had been at the shop of Scott to demand payment before he applied to the defendant; the shop was shut up, and no one there; the agent understood that Scott had a house in town, but he made no inquiries for it and no demand at it.
On 7 September, 1821, the bill was protested, and the protest stated a demand at Scott's shop, and notice by letter left at defendant's counting house. About a fortnight after, the bill was presented by the agent to Scott, and not paid, but no notice of this personal demand was ever given to defendant.
The bill was proven to have been given for $257.50, payable 4 September, 1821. The bill exhibited in evidence had been partly destroyed by having the left-hand lower corner burned off so as to destroy the words $57.50, which commenced a line of the writing. When the bill was presented to Scott in this burnt condition, he, without the knowledge or consent of the defendant, interlined the words which the fire had destroyed; the agent had no instructions to request Scott to do so, and *Page 263 
in fact objected, but Scott did it, saying it could do no harm. The plaintiff, when the agent returned with the note thus interlined, said that the agent should not have permitted it to be done.
The plaintiff offered the bill thus mutilated and interlined, but having thereon the defendant's indorsement, in support of his second count.
It was proved that the plaintiff had papers, and among others Scott's note, then entire, looking over them before the fire; in about an hour afterwards the witness returned and the plaintiff had the (467) note in his hand burned as above described. The burning of the note by accident was left on this evidence as a matter of fact for the jury; and they were instructed that if they believed all the evidence of plaintiff, still he could not recover, as a demand at the shop, and that shut up, was not sufficient if the drawer had a house in town in which he resided; that the plaintiff should have at least have made inquiry whether the note would have been paid there before he gave notice to the defendant. The jury was further instructed that if Scott made the interlineation on the face of the paper without the consent or authority of the plaintiff it would not operate to discharge the indorser.
Verdict for defendant; new trial refused; judgment, and appeal.
It is the opinion of a majority of the Court that (469) the bond executed by Scott fell due on 4 September, and that a demand on the 5th, the plaintiff living out of town, was a sufficient exertion of diligence. That the information of the defendant to the agent that the maker was 50 miles out of town, and that he would pay the note on his return, rendered an application at the dwelling-house of the latter unnecessary; but that under the circumstances of the case an application at the shop was all that the law required, where, if any one had been left to pay the note, he was most probably to be found, though if such had been the case it would have been known to the defendant. For which reason a new trial is awarded.
PER CURIAM. New trial. *Page 264